[ECF Nos. 15, 17]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| F.V. et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHERRY HILL TOWNSHIP BOARD OF EDUCATION MEMBERS et al.,<br><br>　　　　　Defendants. | Civil No. 22-4401 (KMW/SAK) |

## OPINION AND ORDER

This matter is before the Court on the Consolidated Motion to Seal [ECF No. 15] filed by Plaintiffs F.V. and M.V. (collectively, "Plaintiffs") and the Cross-Motion to Strike [ECF No. 17] filed by Defendants Cherry Hill Township Board of Education Members and Superintendent Joseph Meloche (collectively, "Defendants"). Plaintiffs seek to redact and seal in their entirety various materials they filed on the docket and labeled as the "administrative record." Plaintiffs' motion is supported by the Affidavit of Jamie M. Epstein, Esquire [ECF No. 15-2]. Defendants, not objecting to the underlying request to seal the materials, cross-moved to strike the materials on the basis that they do not constitute an accurate copy of the administrative record. No opposition was filed to Defendants' cross-motion.[1] The Court held oral argument on-the-record. For the reasons that follow, Plaintiffs' motion to seal is **GRANTED** in part and **DENIED** in part, and Defendants' cross-motion to strike is **GRANTED**.

---

[1] The Court notes that Plaintiffs filed a letter [ECF No. 20] ahead of oral argument on Defendants' cross-motion to strike, in which they opposed the cross-motion on its merits. This notwithstanding, Plaintiffs otherwise failed to file timely opposition to Defendants' cross-motion.

I.  **BACKGROUND**

This matter arises out of administrative due process hearings pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*  Plaintiffs, on behalf of their daughter, B.V., appeal several decisions of administrative law judges and seek, *inter alia*, a reversal of those decisions.  On July 8, 2022, Plaintiffs filed a letter advising that they were required to provide the Court with "the records of the administrative proceedings" under the IDEA. Pls.' Letter [ECF No. 5] (quoting 20 U.S.C. § 1415(i)(2)(C)(i)).  Plaintiffs further advised that attached to the letter was the combined index of the 12-volume administrative record "being filed under seal." *Id.*; *see* ECF No. 5-1.  Plaintiffs concurrently filed an exhibit [ECF No. 6] to the letter under seal.  The exhibit, however, does not contain the alleged administrative record or portions thereof.  Instead, the exhibit appears to mistakenly contain two additional copies of the combined 12-volume index attached to Plaintiffs' publicly filed letter. *Compare* ECF No. 5-1, *with* ECF No. 6, *and* ECF Nos. 6-1, 6-2, 6-3, 6-4, 6-5, 6-6, 6-7, 6-8, 6-9, 6-10, 6-11, 6-12.

Shortly thereafter, Defendants filed a letter enclosing a "self-explanatory email exchange" between opposing counsel and the New Jersey Department of Education ("NJDOE"). *See* Defs.' Letter, July 12, 2022 at 1 [ECF No. 7].  This email exchange begins with an inquiry from defense counsel to the NJDOE as to whom a request for forwarding the administrative record to the Court should be directed. *See* ECF No. 7-1 at 5.  Upon receiving this information, defense counsel copies opposing counsel on another email to the NJDOE, enclosing the relevant case information and requesting that courtesy copies be provided to both parties. *See id.* at 4.  In response to the email, Plaintiffs' counsel objects, arguing that "[t]he appellant not the defendant has to file the administrative record." *Id.*  Defense counsel countered that "[t]he NJDOE, as the agency from which the appeal has been taken, should file the administrative record with the [Court]." *Id.* at 3.

2

Defendants filed another letter with the Court on July 21, 2022, advising of a "controversy" that had arisen "with regard to transmission of the administrative record." Defs.' 2d Letter at 1 [ECF No. 12]. They also advised that the NJDOE was in the process of forwarding the administrative record to the Court, as requested. *See id.* at 2. That same day, Plaintiffs filed another letter as an exhibit to their July 8, 2022 letter. *See* Pls.' 2d Letter [ECF No. 13]. In this letter, Plaintiffs again advised of their purported filing of the administrative record on July 8, 2022. *See id.* Plaintiffs also further advised that "[they] ha[d] discovered additional 'records of the administrative proceedings' which are Volumes 13 and 14 being filed under seal." *Id.* Attached to the letter are the indexes for these additional volumes. *See* ECF Nos. 13-1, 13-2. Along with this letter, Plaintiffs also filed an exhibit [ECF No. 14] under seal. However, unlike Plaintiff's former filing under seal, this exhibit appears to contain the alleged contents of Volumes 13 and 14. *See* ECF Nos. 14, 14-1.

Plaintiffs then filed the instant motion seeking to seal ECF Nos. 6 and 14 in their entirety.[2] *See* Pls.' Mot. Defendants subsequently cross-moved to strike these materials, along with several others, on the basis that the filings do not constitute an accurate copy of the administrative record. *See* Defs.' Cross-Mot. Specifically, Defendants contend some sixteen (16) records which are part of the administrative record were excluded from Plaintiffs' submissions. *See* Harrison Cert. ¶ 6 [ECF No. 17-2]. They also contend that at least four (4) documents were included with Plaintiff's submissions that are not part of the official record. *See id.* ¶ 7. Defendants do not otherwise object to Plaintiff's motion to seal. No opposition was filed to Defendants' cross-motion to strike.

---

[2] Plaintiffs' motion fails to directly reference ECF No. 14. However, because this exhibit was filed under seal as an attachment to ECF No. 6—the subject of Plaintiffs' motion— the Court finds that the record readily establishes that Plaintiffs intended this document to be a subject of their motion. *See, e.g.*, Epstein Aff. ¶¶ 8–9 (referencing the 14 volumes purportedly contained in the two filings).

3

## II. DISCUSSION

### A. Motion to Seal

The Court will first address Plaintiffs' motion to seal. Plaintiffs contend the materials they seek to seal consist of B.V.'s student and health records, which are protected from disclosure under both state and federal law. *See* Epstein Aff. ¶ 16. Plaintiffs further contend they possess privacy interests in the materials that would otherwise preclude public disclosure. *See id.* Plaintiffs allege if the materials are not sealed, "Plaintiffs' civil rights to maintain the privacy of their minor child's records will be violated." *Id.* Lastly, Plaintiffs maintain no less restrictive alternative is available to sealing the subject materials in their entirety. *Id.*

It is well established that there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corporation*, 851 F.2d 673, 677–78 (3d Cir. 1988)). This right of access is not absolute, however, and must be balanced against countervailing interests in secrecy. *See id.* at 194 (noting that "[t]he presumption of public access may be rebutted"). To overcome the presumption, a party must demonstrate "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (citation omitted).

In this District, motions to seal are governed by Local Civil Rule 5.3, which requires the moving party to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. *See* L. Civ. R. 5.3(c)(3).

At the outset, the Court must summarily deny Plaintiffs' motion with respect to its request to redact and seal ECF No. 6 in its entirety. As noted above, these materials merely consist of the same 12-volume index attached to Plaintiffs' July 8, 2022 letter and are already publicly available. More importantly, however, these materials contain no confidential, private, or otherwise sensitive information. As to Plaintiffs' remaining request to seal ECF No. 14, the Court finds that Plaintiffs have satisfied the requirements under Local Civil Rule 5.3 and will therefore grant this request. Plaintiffs have sufficiently described the nature of the materials that they seek to seal and the legitimate privacy interests that warrant sealing them. The Court also agrees that the failure to seal the subject materials will seriously injure the parties' privacy rights. Likewise, given the nature of the materials, the Court agrees the only way to protect the parties' legitimate privacy interests is to redact and seal the subject materials in their entirety.

### B. Motion to Strike

In response to Plaintiffs' motion to seal, Defendants cross-moved to strike certain materials on the basis that they do not constitute an accurate copy of the administrative record. Specifically, Defendants ask the Court to strike ECF Nos. 5, 6, 13, and 14 in their entirety. Harrison Cert ¶ 10. In sum, Defendants allege "these materials should not be on the docket at all for the simple reason that they are not, in fact, the administrative record." *Id.* ¶ 3. Instead, Defendants contend Plaintiffs' counsel has "select[ed] and file[d] what he wishes to define as the administrative record." *Id.* ¶ 4. To support this contention, Defendants outline a nonexhaustive list of items that were omitted from Plaintiffs' filings but entered into evidence at the administrative hearing. *See id.* ¶ 6. Defendants also identify several materials included in Plaintiffs' filings that were not admitted in evidence at the hearing. *See id.* ¶ 7. Thus, Defendants steadfastly maintain that "[t]he 14 volumes of materials electronically filed by [counsel] should not be accepted as the administrative record." *Id.* ¶ 8.

5

As previously noted, Plaintiffs failed to file timely opposition to Defendants' cross-motion. Plaintiffs did, however, submit a letter response to the cross-motion prior to oral argument. *See* Pls.' Letter, October 25, 2022 [ECF No. 20]. However, Plaintiffs' letter largely obfuscates the narrow dispute at hand—namely, whether the IDEA or other applicable authority allows Plaintiffs to compile and file the administrative record with the Court on their own accord. Because of this, the Court need not consider Plaintiffs' untimely opposition, as the arguments raised therein do not alter the Court's analysis or conclusion. Furthermore, Plaintiffs were provided with an additional opportunity to be heard on-the-record at oral argument.

All parties concede they are unaware of any authority, other than the IDEA, governing the method or procedure for the Court receiving the administrative record in this action. In the absence of such authority, the parties' conflicting positions are only guided by past practice or experience. On the one hand, Plaintiffs contend they properly filed the administrative record in this action as they always have. On the other, Defendants contend the record should be provided to the Court by the NJDOE, as it already has in this case. Defendants further contend that Plaintiffs' counsel "is the first and only colleague who has taken the position that the party filing the appeal should recreate and file his own version of the administrative record, rather than entrusting the agency which conducted the hearing to forward an official copy of the record." Harrison Cert., Ex. 2, at 2 [ECF No. 17-5].

The crux of Defendants' argument is that Plaintiffs' position defies common sense and logic. They argue that the NJDOE has already forwarded an official copy of the administrative record to the Court; ergo, any attempt to ascertain the accuracy of Plaintiffs' piecemeal filings will result in an unnecessary expenditure of judicial resources and ultimately prejudice the parties. As Defendants aptly put it, Plaintiffs' position needlessly creates an additional step that will waste the

Court's and everyone's time. Notably, Plaintiffs were unable to confirm the accuracy of their submissions when confronted with Defendants' contentions of extraneous and excluded materials. Despite this, Plaintiffs still object to the Court accepting the administrative record provided by the NJDOE and insist that it should rely upon their own submissions. Yet, in the same breath, Plaintiffs refuse to bear the burden of accounting for these alleged deficiencies. Rather, Plaintiffs contend this burden should be carried by opposing counsel and the Court.

### 1. Statutory Framework of Judicial Review Under the IDEA

"The IDEA establishes a private cause of action against a school district that fails to abide by its legal obligations. The parent or guardian of a minor student who is denied the rights and procedures set forth in the IDEA is afforded the opportunity to file an administrative complaint and to appeal an adverse determination to a federal district court." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 66 (3d Cir. 2010) (citing 20 U.S.C. §§ 1415(b)(6), (i)(2)). In any civil action brought to appeal an adverse determination pursuant to section 1415(i)(2) of the IDEA, the statute prescribes that the court:

> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C). Based upon a plain reading of this provision, the IDEA is silent as to how "the records of the administrative proceedings" are received by the Court and as to which entity or party should provide the records. A review of the relevant case law also suggests that no consistent procedure is applied. *See, e.g.*, *L.J. v. Audubon Bd. of Educ.*, No. 06-5350, 2008 WL 4276908, at *3 (D.N.J. Sept. 10, 2008) (citing 20 U.S.C. § 1415(i)(2)(C)(i)) (commenting that the court previously denied the defendant's motion for summary judgment for "fail[ing] to submit the

record of the administrative proceedings with its motion"); *K.K-M v. New Jersey Dep't of Educ.*, No. 17-11579, 2020 WL 6817506, at *8 (D.N.J. Nov. 20, 2020) (citing 20 U.S.C. § 1415(i)(2)(C)(i)) (granting the plaintiff's motion to amend while also noting that she had "not [yet] provided [the] Court with the administrative record as required"); *see also M.N. v. Sparta Twp. Bd. of Educ.*, No. 21-19977, 2022 WL 1093667, at *3 n.2 (D.N.J. Apr. 12, 2022) (noting that "[t]he parties have not made the full administrative record available for the Court's review" but also that the plaintiffs had requested "that the NJOAL transmit the record").

### 2. Procedure in the Absence of Rule or Statutory Provision

Under Federal Rule of Civil Procedure 83(b), in the absence of controlling law, "[a] judge may regulate practice in any manner consistent with federal law . . . and the district's local rules." Pursuant to the Local Civil Rules of this District:

> In the absence of any governing rule and/or if no procedure is especially prescribed, the Court and parties shall proceed in any lawful manner not inconsistent with the Constitution of the United States, the Federal Rules . . . , these Rules, or any applicable statute with the aims of securing a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and of avoiding surprise and injustice.

L. Civ. R. 83.3. This rule is intended to only fill gaps in federal procedure and not to offer avenues of substantive relief not otherwise available. *See Oberti v. Board of Educ. of Clementon Sch. Dist.*, 801 F. Supp. 1392, 1397 n.9, *aff'd*, 995 F.2d 1204 (3d Cir. 1993) (citing Fed. R. Civ. P. 60(b)(1) and former Gen. R. 44, now L. Civ. R. 83.3) (concluding that the rule could not be used post-trial to reopen the record and "admit into evidence missing pages of an exhibit" omitted by mistake); *see generally O'Connell v. Associated Wholesalers, Inc.*, 558 F. App'x 286, 290 (3d Cir. 2014) (quoting *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 569 (3d Cir. 1985) (en banc)) ("While [it] is correct that no rules or procedures [applied] . . . , the 'contention that the District Court could not act in the conceded absence of any local rule . . . is obviously unsound.'").

8

### 3. Analysis

At the outset, the Court finds there is an absence of authority prescribing the precise manner in which the administrative record must be received by the Court. The Court also notes all parties affirmatively stated at oral argument that they were unaware of any such authority. Accordingly, the Court finds the circumstances warrant invoking Federal Rule 83(b) and Local Civil Rule 83.3 and exercising its discretion to bridge the gap on this procedural impasse.

Given the peculiar facts of the present case, the Court will grant Defendants' cross-motion and strike the purported "administrative record" filed by Plaintiffs. While the Court acknowledges neither party's position is explicitly precluded by the IDEA or existing case law, the Court finds it strains credulity to believe the position advanced by Plaintiffs will "secure a just determination, simplicity in procedure, [and] fairness in administration." L. Civ. R. 83.3. Nor would it eliminate "unjustifiable expense and delay" or "avoid surprise and injustice." *Id.* Rather, Plaintiffs' chosen method is nearly certain to achieve the inverse outcome. If the early history of this dispute alone serves as a harbinger of what would come, the Court finds that it would invariably complicate the case and subject all parties to unjustifiable expense and delay, at a minimum. Defendants cite to some sixteen (16) records that they argue are part of the administrative record but were excluded from Plaintiffs' submissions. *See* Harrison Cert ¶ 6. They also argue at least four (4) documents were included with Plaintiffs' submissions that are not a part of the official administrative record. *See id.* ¶ 7. At oral argument, Plaintiffs' counsel was unable to confirm the accuracy of these submissions. This is in addition to the fact that Plaintiffs also failed to properly file some of these submissions and subsequently discovered "additional" records that they were initially unaware of. To be clear, the Court is not suggesting any inaccuracies or omissions were the result of intentional conduct. However, the potential for human error here is troublesome.

Conversely, the Court finds that Defendants' position is best suited to advance the aims of Local Civil Rule 83.3. In light of the fact that the NJDOE has already provided the Court with a copy of the administrative record in this matter, the Court sees no good cause to consider Plaintiffs' submissions, which are challenged as incomplete and inaccurate. Moreover, requiring the parties to rely on the NJDOE's copy is not inconsistent with the IDEA or other federal law. Importantly in this regard, the IDEA expressly provides that "additional evidence" may be heard at the request of any party. *See* 20 U.S.C. § 1415(i)(2)(C)(ii). Consequently, the Court finds no prejudice will result from requiring the parties to proceed in this manner. Insofar as Plaintiffs' submissions may contain materials outside of the official administrative record, this decision in no way precludes Plaintiffs from requesting that these materials be considered. Whether the parties have stipulated to rely on the official record and forgo their right to submit additional evidence, as they indicated at oral argument, is immaterial here. Thus, in the absence of any procedure especially prescribed, the Court finds that requiring the parties to rely on this copy of the administrative record will best secure a just determination in this matter. It will also undoubtedly simplify procedure and ensure that neither party is subjected to unjustifiable expense or delay. Finally, it will enable the parties to devote their full time and resources to litigating the merits of this case as opposed to what may or may not constitute the administrative record underlying it. For all of these reasons, the Court will grant Defendants' cross-motion and strike Plaintiffs' filings from the record.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **4th** day of **November**, **2022**, that Plaintiffs' Consolidated Motion to Seal [ECF No. 15] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiffs' motion is **GRANTED** as to ECF Nos. 14 and 14-1; and it is further

**ORDERED** that Plaintiffs' motion is **DENIED** as to ECF Nos. 6, 6-1, 6-2, 6-3, 6-4, 6-5, 6-6, 6-7, 6-8, 6-9, 6-10, 6-11, and 6-12; and it is further

**ORDERED** that the Clerk is directed to maintain under seal ECF Nos. 14 and 14-1; and it is further

**ORDERED** that the Clerk shall unseal ECF Nos. 6, 6-1, 6-2, 6-3, 6-4, 6-5, 6-6, 6-7, 6-8, 6-9, 6-10, 6-11, and 6-12; and it is further

**ORDERED** that Defendants' Cross-Motion to Strike [ECF No. 17] is **GRANTED**; and it is further

**ORDERED** that ECF Nos. 5, 6, 13, and 14 are **STRICKEN** from the record.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.