<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| F.V. and M.V., individually and on behalf of B.V., <br><br> Plaintiffs, <br><br> v. <br><br> CHERRY HILL TOWNSHIP BOARD OF EDUCATION MEMBERS and SUPERINTENDENT JOSEPH MELOCHE, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 22-4401 (KMW-SAK) <br><br> **MEMORANDUM OPINION AND ORDER** |

Appearances:

Jamie M. Epstein, Esquire
17 Fleetwood Drive
Hamilton, NJ 08690
    Counsel for Plaintiffs F.V. and M.V., individually and on behalf of B.V.

Eric L. Harrison, Esquire
Methfessel & Werbel
2025 Lincoln Highway, Suite 200
Edison, N.J. 08818-3012
    Counsel for Defendants Cherry Hill Township Board of Education Members and
    Superintendent Joseph Meloche

**WILLIAMS**, **District Judge:**

    This matter comes before the Court on the Motion to Dismiss ("MTD") (ECF No. 9) filed by Defendants Cherry Hill Township Board of Education Members and Superintendent Joseph Meloche ("Defendants") seeking to partially dismiss Count I (Individuals with Disabilities Act ("IDEA")) as duplicative of another civil action pending with this Court, Docket Number 21-CV-18096-KMW-SAK ("*F.V. I*"); and Count II (New Jersey Law Against Discrimination ("LAD")). Plaintiffs F.V. and M.V., individually and on behalf of B.V., ("Plaintiffs") did not oppose the

MTD. The Court, having reviewed Defendants' submissions and considered the MTD without oral argument pursuant to Federal Rule of Civil Procedure 78(b), grants Defendants' MTD and partially dismisses Count I, with prejudice, and Count II, without prejudice to Plaintiff's ability to file a motion seeking leave to amend the Complaint.[1]

1. As the Court writes for the parties and recently engaged in a thorough recitation of background facts in *F.V. I*, the Court hereby adopts by reference the background section in *F.V. I* and only sets forth additional facts as necessary for clarity and resolution of this unopposed MTD. As alleged in the Complaint filed on July 18, 2022, F.V. and M.V. are the parents of B.V., a minor child currently enrolled as a student in the Cherry Hill School District. Compl., ECF No. 1. B.V. has been identified and deemed eligible for special education and related services pursuant to the IDEA. Although the Complaint contains allegations dating back to 2017 and reflects factual issues in dispute in the *F.V. I* matter, new to this action are allegations concerning the filing of the January 12, 2021 Administrative Complaint based on the alleged failure of Defendants to provide a free and appropriate education ("FAPE") in the least restrictive environment ("LRE") for the 2018-19, 2019-20, and the 2020-21 school years, including unnecessarily segregating B.V. from her non-disabled peers.[2] Compl. ¶ 61. On May 13, 2021, the State of New Jersey issued a Final Order, in part, dismissing claims as to the 2018-19 and 2019-20 school years. *Id.* ¶ 63. On April 6, 2022, the State of New Jersey issued a Final Order, dismissing Plaintiffs' remaining claims finding

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[2] Paragraphs 56 through 59 and 67 through 68 are nearly identical to the facts and issues in the Complaint filed in *F.V. I*. Specifically, in both the *F.V. I* Complaint and in Count I of the Complaint filed in this action, Plaintiffs assert IDEA claims based on the July 16, 2020 Final Order and the June 17, 2021 Final Order. The Court recently issued an Opinion and Order in *F.V. I*, granting Defendant's motion for summary judgment as to the IDEA claims addressing the July 16, 2020 Final Order and the June 17, 2021 Final Order. As such, Defendant's request to partially dismiss the Count I IDEA claim, to the extent Count I seeks to reassert claims relating to the same Final Orders raised in *F.V. I*, is hereby granted.

Defendants provided B.V. with a FAPE in the LRE. *Id.* ¶ 64. This action appeals the May 13, 2021 Order and the April 6, 2022 Final Order in addition to asserting LAD claims.

2. In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, see *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id*. (quoting *Twombly*, 555 U.S. at 557).

3. The LAD prohibits disability discrimination, including discriminatory acts involving the denial of access to public accommodations, like public schools. *J.L. v. Harrison Twp. Bd. of Educ.*, No. CIV. 14-2666 RMB/JS, 2014 WL 7331937, at *5 (D.N.J. Dec. 19, 2014). "To establish a

prima facie case under the LAD, a plaintiff must show that she '(1) had a disability; (2) was otherwise qualified to participate in the activity or program at issue; and (3) was denied the benefits of the program or otherwise discriminated against because of his or her disability.'" *J.L.*, 2014 WL 7331937, at *5 (quoting *J.T. v. Dumont Pub. Sch.*, 438 N.J. Super. 241, 264, 103 A.3d 269, 282 (App. Div. 2014)).

4. Defendants allege that Plaintiffs' LAD claim (Count II) fails because they allege no facts to show that B.V. was denied the benefits of a program or was otherwise discriminated against based on his or her disability. Def.'s Br. 8-10. Defendants claim that the LAD claim rests on conclusory recitations of the law and alleges no facts beyond the IDEA appeal to suggest that B.V. was discriminated or retaliated against. Def.'s Br. 8-10. Notably, Plaintiffs failed to file an opposition to counter the arguments raised by Defendants.

5. Here, Defendants' Motion seeking to dismiss the LAD claim is granted because Plaintiffs' Complaint fails to set forth sufficient factual allegations to sustain the LAD claim. In Count II, aside from relying on the assertion that Defendants violated B.V.'s rights under the LAD claim and then commencing to directly quote N.J.A.C. 13:13-4.3(a), there is not a single allegation to direct Defendants or the Court to the factual underpinnings of the claim. Plaintiffs similarly set forth conclusory violations of N.J.S.A. 10:5-12(d) and (e). As the Count II LAD claim adopts by reference other facts within the Complaint, the Court reviewed the Complaint and tried to glean facts germane to the LAD claim. As stated above, the Complaint is replete with facts dating back to 2017, some of which are the subject of an entirely separate litigation, *F.V. I*. Under a section of the Complaint titled "Regular School Year 2020-2021," the Court notes that it is alleged that B.V. was placed in a segregated self-contained placement for four days before being placed in general education, B.V. is keeping busy in the general education classroom, and that she has not received

assistance from a one-on-one aide.  Compl. ¶¶ 48-50.  Yet, the same section of the Complaint references facts to support claims directly at issue and dismissed in *F.V. I*.  Hence, it is not possible for the Court to glean the factual allegations relevant to this litigation to support the claim that Plaintiff was denied benefits or otherwise discriminated against.  *J.L.*, 2014 WL 7331937, at *5 (dismissing a LAD claim and permitting leave to amend where the complaint failed to allege sufficient facts to support that plaintiff was denied the benefits of a program or was otherwise discriminated against).

  6. The Court will provide Plaintiffs the opportunity to file a motion seeking leave to amend the Complaint.  Any pleading filed in support of said motion shall contain causes of action that are not the subject of another case, i.e., *F.V. I*, and should provide some factual basis to support the LAD claim.

## ORDER

  IT IS this **31st** day of **March**, **2023**, hereby

  **ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) seeking to partially dismiss the IDEA claim (Count I), to the extent the claim was addressed by this Court's summary judgment opinion and order in Civil Action 21-18096, and the LAD claim (Count II) is **GRANTED**.  The LAD claim is dismissed without prejudice; and it is further

  **ORDERED** that on or before April 14, 2023, Plaintiffs may file a motion seeking leave to amend with a proposed pleading that does not contain causes of action dismissed in Civil Action 21-18096 and provides some factual basis to support the LAD claim.

_____<br>
KAREN M. WILLIAMS<br>
United States District Judge